UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VIVIAN AGUILAR ROBLES | CIVIL ACTION NO. 26-0071 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN SOUTH LOUISIANA I C E PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) filed by the habeas petitioner in this case, Vivian Aguilar Robles ("Petitioner"). Petitioner entered the United States in March 2023. See Record Document 1 at 2. On November 17, 2025, Petitioner was arrested on a Warrant for Arrest of Alien. See id.; Record Document 1-2. On December 12, 2025, an immigration judge sitting in the Oakdale Immigration Court denied Petitioner's request for a custody redetermination hearing, i.e., a bond hearing, pursuant to 8 C.F.R. § 1236, citing a lack of jurisdiction. See Record Document 1 at 2; Record Document 1-3.

On January 9, 2026, Petitioner filed a Habeas Petition (Record Document 1) and the instant Motion. The Habeas Petition challenges the legality of her detention and seeks declaratory and injunctive relief. See Record Document 1. Specifically, Petitioner asks the Court to declare her detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1236; is arbitrary and capricious; and is an abuse of discretion under 5 U.S.C. § 1706. See id. at 13. She seeks an order for immediate release, or, in the alternative, and order that a neutral and impartial adjudicator conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). See id. Likewise, in the instant motion, Petitioner seeks

immediate release or, alternatively, an order that a neutral and impartial adjudicator conduct a bond hearing pursuant to 8 U.S.C. § 1226(a).  See Record Document 2 at 1.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in her Habeas Petition, that is, immediate release or a bond hearing.  Recently, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192,

> 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an order of immediate release from custody or to compel an expedited bond hearing, the Court views this request as an effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Moreover, the Court acknowledges that Petitioner's motion addresses her liberty, a paramount natural right. But context matters in this instance. A final ruling on the merits of the Habeas Petition in this matter does not appear to be too little, too late. Petitioner has not shown that she faces imminent removal or the existence of something else that would make a favorable ruling on her Habeas Petition too little, too late. The Court does not believe she has shown irreparable harm based upon her allegations in the record (Record Document 2-1 at 10-11), and so, she is not entitled to preliminary relief.

3

Of course, these findings could change such that Petitioner's request for preliminary relief might become appropriate. Additionally, the Court believes this matter is best suited for an expedited briefing schedule.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is hereby **DENIED**. This matter is hereby **REFERRED** to Magistrate Judge McClusky for an expedited briefing schedule.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of January, 2026.

                                                   _____
                                                   S. MAURICE HICKS, JR.
                                                   UNITED STATES DISTRICT JUDGE